IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BYRON McCOY,** | : |
| **Plaintiff,** | : |
| vs. | : CA 05-0182-C |
| **THE CITY OF MOBILE, et al.,** | : |
| **Defendants.** | : |

### ORDER

This action is before the Court on the motion of the plaintiff, Byron McCoy, to add Fred Jackson as an additional defendant (Doc. 16). The motion is presented pursuant to Rule 20(a), Federal Rules of Civil Procedure, and has been referred for final disposition pursuant to 28 U.S.C. §636(c). (*See* Docs. 11 & 13) After consideration of the motion along with the record and after conducting independent research, it is determined that the motion should be **DENIED**.

Contained within the plaintiff's motion and attached proposed amended complaint is a description of Fred Jackson, "the magistrate [employed by the City of Mobile] that ruled on Plaintiff's criminal charge . . . ." (Doc. 16, ¶ 2) It is alleged that his actions as a magistrate were taken under state law and in violation of 42 U.S.C. §1983 because they violated plaintiff's due process rights under the United States Constitution. (*Id.*) Magistrate

Jackson's specific actions that allegedly subject him to damages for violation of plaintiff's constitutional rights are contained in paragraphs 14-16[1] of the proposed amended complaint.

> 14. The Plaintiff, Byron McCoy, worked in the same trailer as Fred Jackson[.]
>
> 15. The Defendant, Fred Jackson, had expressed and held a personal bias against Plaintiff, Byron McCoy.
>
> 16. Despite having a personal bias, magistrate Jackson ruled on the underlying criminal charge in this case instead of allowing a neutral judge to rule.

FIRST AMENDED COMPLAINT, Doc. 16-2. A review of the individual claims that are presented following these factual allegations appear to contain references to this new defendant in only two counts: Counts II and VI.[2] In these counts, it is alleged that Jackson violated plaintiff's due process rights by not deciding to recuse even though he was biased against the plaintiff in the underlying criminal proceeding. The specific ruling that harmed plaintiff had to do with the action taken with regard to "the initial presentation of the criminal complaint." (Doc. 16-2, pg. 6, ¶ 29) This theme is followed in Count VI: "The Magistrate was not neutral and should not have ruled on the initially filed criminal Complaint." (*Id.*, pg. 9, ¶ 44)

---

[1] The paragraphs in the proposed amended complaint are misnumbered. After listing sixteen paragraphs in pages 1-3, following the sixteenth paragraph the drafter returned to number 13, meaning that the document contains multiple paragraphs 13-16.

[2] Again, the claims are misnumbered. There are actually seven distinct claims although the proposed amendment identifies six. The problem appears to be that the complaint contains two separate claims that have the same designation of Count VI. (Doc. 16-2, pgs. 8-9) The Count in which defendant Jackson is mentioned is found on pages 8-9, paragraphs 41-45.

**DISCUSSION**

Rule 20(a), Federal Rules of Civil Procedure, provides for the permissive joinder of additional defendants under certain circumstances.

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

In *Chavez v. Illinois State Police,* 251 F.3d 612 (7th Cir. 2001), the Seventh Circuit determined that refusal to allow joinder of parties is within the wide discretion of district courts. *Id*. at 632; *see also United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) ("[T]he district court acted well within its discretion in denying joinder of McIntosh County and various county officials pursuant to Fed.R.Civ.P. 20(a)."). As a result, the *Chavez* court recognized that this discretion would allow district courts to consider, in addition to the requirements of Rule 20(a), ""'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'"" 251 F.3d at 632*, quoting Intercon Research Assoc., Ltd. v. Dresser Indus., Inc.,* 696 F.2d 53, 58 (7th Cir. 1982), *in turn quoting Desert Empire Bank v. Insurance Co. of North Am*erica, 623 F.2d 1371, 1375 (9th Cir. 1980). If joinder would create "'prejudice, expense or delay'" the court may deny such a motion. *Id.* Accordingly, this Court recognizes that additional factors must be taken into account besides whether the plaintiff does or does not meet the technical requirements of Rule 20(a) for the permissive

joinder of a party.

One of the relevant factors that need be considered by this Court in the instant case, given that the proposed amendment would add as an additional party a city magistrate, is judicial immunity. "Judicial immunity arose because it was in the public interest to have judges who were at liberty to exercise their independent judgment about the merits of a case without fear of being mulcted for damages should an unsatisfied litigant be able to convince another tribunal that the judge acted not only mistakenly but with malice and corruption." *Dennis v. Sparks*, 449 U.S. 24, 31, 101 S.Ct. 183, 188, 66 L.Ed.2d 185 (1980) (citations omitted). Judicial immunity shields a judge acting in his judicial capacity from suit, not just damages, as a result of his judicial actions. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in the judicial role. This immunity extends to Justices of the Peace as well as those who sit on the Supreme Court, and shields judges unless they act in 'the clear absence of all jurisdiction over the subject matter' or in a nonjudicial capacity." *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982) (all citations, including internal citations, omitted); *see also Mireles, supra*, 502 U.S. at 11-12, 112 S.Ct. at 288 ("'[Judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."); *City of Bayou La Batre v. Robinson*, 785 So.2d 1128, 1132 (Ala.. 2000) ("'[A] judge is not

4

immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.'"). The Supreme Court of Alabama has specifically extended "the principle of judicial immunity to the discretionary judicial acts of magistrates[.]" *City of Bayou La Batre v. Robinson, supra*, 785 So.2d at 1133; *see also Almon v. Gibbs*, 545 So.2d 18, 20 (Ala. 1989) ("[W]arrant magistrates are accorded the same immunity as judges. . . . Consequently, where a clerk of court is performing a duty that requires the exercise of judgment and discretion in its performance, it is considered a judicial act entitling the clerk to judicial immunity. This absolute immunity for acts within the jurisdiction of the judicial officer is extended even where the officer acts in error, maliciously, or in excess of his authority."). Moreover, "[c]ourts have consistently upheld the use of judicial immunity in section 1983 suits." *Dykes v. Hosemann*, 776 F.2d 942, 953 (11th Cir. 1985); *see also Keeton v. Guedry*, 544 F.2d 199, 200 (5th Cir. 1976) ("Judges are immune from section 1983 liability for their acts within the judicial role."); *Ex parte Colagross*, 674 So.2d 1315, 1316 (Ala. 1996) (Houston, J. concurring specially) ("The class of officials entitled to absolute immunity under § 1983 is very limited. 'Absolute immunity is primarily enjoyed by judges and legislators[.]'"); *see Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986) ("In enacting 42 U.S.C. § 1983, Congress did not abrogate the doctrine of judicial immunity.").

     With these principles in mind, the Court considers whether plaintiff should be allowed to amend his complaint to add as a party defendant Fred Jackson, a Mobile city magistrate who plaintiff alleges should have recused himself instead of ruling on the

initially filed criminal complaint. Plaintiff is not alleging that Jackson was not acting in his judicial capacity when the alleged events took place, the relevant facts of his proposed amended complaint being to the contrary (*see* Doc.16-2, at ¶ 6 ("Defendant Fred Jackson is an adult resident of Mobile County, Alabama and was an employee of the City of Mobile, Alabama **acting as a magistrate at all material times**.") (emphasis supplied)).[3] Rather, plaintiff is alleging that Jackson should have recused himself from ruling upon the initially filed criminal complaint because of the personal bias he holds against plaintiff. However, that was not an obligation Magistrate Jackson had to undertake since "[t]he decision to recuse clearly 'involves the kind of discretionary decisionmaking that the doctrine of judicial immunity is designed to protect[.]'" *Chavez v. City of Albuquerque*, 232 F.3d 900 (10th Cir. 2000) (table; unpublished decision) (citations omitted); *see also Font v. Yordan*, 763 F.Supp. 680, 682 (D.P.R. 1991) (finding that judge's decision not to recuse

---

[3] It is clear under Alabama law that a magistrate has the power to rule upon a criminal complaint. Ala.R.Crim.P. 2.3 ("A complaint is a written statement made upon oath before a judge, magistrate, or official authorized by law to issue warrants of arrest, setting forth essential facts constituting an offense and alleging that the defendant committed the offense."); *see also* Ala.R.Crim.P. 2.4 ("The judge or magistrate before whom a complaint is made may subpoena for examination any necessary witnesses. . . . If the judge or magistrate is reasonably satisfied from the complaint and the evidence, if any, submitted that the offense complained of has been committed and that there is probable cause to believe that the defendant committed it, the judge or magistrate shall proceed under Rule 3.1 [and issue an arrest warrant]."); *see* Ala.Code § 12-14-50 ("The municipal court may have under its supervision a municipal court administrative agency empowered to provide expeditious service in connection with administrative adjudication of ordinance violations, the handling of uniform traffic tickets and complaints, the issuance of arrest warrants and other powers provided by law. The personnel designated by the judge or judges of the municipal court for the accounting of uniform traffic tickets or complaints and magistrates shall be considered as officials of such administrative agency. Such officials shall be vested with judicial power reasonably incident to the accomplishment of the purposes and responsibilities of the administrative agency.").

himself was "within the realm of judicial jurisdiction" and "clearly the type of judicial act[] which judges are expected to rule on daily."). "This absolute immunity for acts within the jurisdiction of the judicial officer is extended even where the officer acts in error, maliciously, or in excess of his authority." *Almon, supra*, 545 So.2d at 20 (citations omitted); *see also Scott v. Dixon*, 720 F.2d 1542, 1546-1547 (11th Cir. 1983) ("*Stump* also states that if judicial acts are done within his subject matter jurisdiction he will not be liable even if he acts in error, maliciously or in excess of his authority."), *cert. denied*, 469 U.S. 832, 105 S.Ct. 122, 83 L.Ed.2d 64 (1984). Therefore, even if the plaintiff feels as if Magistrate Jackson should have withdrawn from the case, and acted in a manner that plaintiff feels is malicious, he would still be protected by judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 363, 98 S.Ct. 1099, 1108, 55 L.Ed.2d 331 (1978) ("Disagreement with the action taken by the judge, however, does not justify depriving that judge of his immunity. Despite the unfairness to litigants that sometimes results, the doctrine of judicial immunity is thought to be in the best interests of 'the proper administration of justice . . .[, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself.'").

This Court agrees with the court in *Chavez*, which held that if joinder would create "prejudice, expense or delay" a motion to join a party defendant under Rule 20(a) may be denied. In this instance, the Court finds that the addition of Magistrate Jackson to plaintiff's lawsuit would be prejudicial even assuming compliance with the technical requirements of

Rule 20(a).  His addition would clearly increase costs of litigation and because of the time of his joinder would certainly delay the present pretrial conference and trial schedules.  In addition, Magistrate Jackson would be taken away, to some degree, from his public duties if he were required to defend plaintiff's claims.  To require Magistrate Jackson to defend himself in a case in which he is clearly immune from suit would constitute an unreasonable application of Rule 20(a) .

## CONCLUSION

For these reasons, plaintiff's motion to join Fred Jackson as an additional party defendant pursuant to Rule 20(a) of the Federal Rules of Civil Procedure (Doc. 16) is **DENIED**.

**DONE** and **ORDERED** this the 30th day of September, 2005.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**